# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROY J. JONES,
        Plaintiff,

    v.                                    Case No. 06C0967

WILLIAM POLLARD,
        Defendant.

## DECISION AND ORDER

On September 13, 2006, Roy Jones filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner has also filed a motion for leave to proceed in forma pauperis. Petitioner was convicted after a jury trial of three counts of first degree sexual assault of a child, two counts of kidnapping while armed, one count of first degree sexual assault, and one count of attempted first degree sexual assault. He was sentenced to 143 years in prison and is currently incarcerated at Green Bay Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

The threshold question with respect to this petition is whether I must dismiss it because it is a "second or successive" petition pursuant to 28 U.S.C. § 2244. Section 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

AEDPA does not define the terms "second or successive," but courts have interpreted the concept as derivative of the "abuse-of-the-writ" doctrine developed in pre-AEDPA cases. Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002) (collecting cases). "An 'abuse-of-the-writ' occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect." Id. (citing McCleskey v. Zant, 499 U.S. 467, 493 (1991)).

Petitioner argues that he was convicted pursuant to a suggestive lineup and that he was denied the right to counsel at that lineup. He also argues that he was denied effective assistance of trial and appellate counsel for failing to challenge the lineup and for failing to raise the fact that he was arrested without an arrest warrant; that the prosecutor knowingly presented false testimony at trial relating to the lack of an arrest warrant; that

2

the trial court was without jurisdiction relating to the lack of an arrest warrant[1]; and that the prosecutor failed to disclose two witnesses before they appeared at petitioner's trial.

Petitioner's claims are properly viewed as second or successive, as they could have been included in his 2001 petition for a writ of habeas corpus. See Jones v. Litscher, No. 01C0616 (E.D. Wis. March 8, 2002) (decision and order dismissing petition as untimely). There is no reason that petitioner could not have discovered by 2001 that he did not have counsel present at his lineup, that his lineup was suggestive, that his trial and appellate counsel were ineffective for not challenging the lineup, that he was arrested without an arrest warrant (and, related to this, that his counsel failed to challenge the improper arrest, the prosecutor presented false testimony, and the trial court lacked jurisdiction), and that the prosecutor failed to disclose two witnesses presented at trial. Attached to the present petition are letters from the Whiteville Correctional Facility and Green Bay Correctional Institution, dated May 2002 and July 2003, stating that agents were unable to locate an arrest warrant for petitioner in his files. To the extent that these letters suggest that police lacked such a warrant at the time that they arrested petitioner, they do not indicate that petitioner could not have discovered this information sooner than 2002 or 2003.

**THEREFORE,**

**IT IS ORDERED** that Jones's petition is **SUMMARILY DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that Jones's motion for leave to proceed in forma pauperis is **DENIED AS MOOT**.

---

[1] Petitioner also states that the criminal complaint was not valid because it lacked a file stamp, depriving the trial court of jurisdiction.

3

Dated at Milwaukee, Wisconsin, this 23 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge