# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROY J. JONES,**
        **Petitioner,**

        v.                                            **Case No. 06C0967**

**WILLIAM POLLARD,**
        **Respondent.**

## DECISION AND ORDER

On September 13, 2006, Roy Jones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 25, 2006, I summarily dismissed his petition for lack of jurisdiction after I found that it was properly viewed as "second or successive" pursuant to 28 U.S.C. § 2244. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (stating that a district court has no jurisdiction over a second or successive petition). On October 4, 2006, petitioner filed a motion for reconsideration. On October 11, 2006, he filed a motion to appoint counsel and a motion for leave to file an amended petition.

A motion to reconsider may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). The key factor in determining whether a motion is cognizable under 59(e) or 60(b) is timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). A motion filed within 10 days of the entry of judgment is considered under Rule 59 and one filed after such time is considered under Rule 60. Id. In the present case, petitioner's motion was filed within 10 days of the entry of judgment; thus, I consider it under Rule 59(e).

Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11

Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). A Rule 59(e) motion may not be used to re-litigate old issues or to present evidence or argument that could have been submitted previously. 11 Wright et al., supra, at 127-28.

In his petition, petitioner argued that he was convicted pursuant to a suggestive lineup and that he was denied the right to counsel at that lineup. He also argued that he was denied effective assistance of trial and appellate counsel for failing to challenge the lineup and for failing to raise the fact that he was arrested without an arrest warrant; that the prosecutor knowingly presented false testimony at trial relating to the lack of an arrest warrant; that the trial court was without jurisdiction relating to the lack of an arrest warrant; and that the prosecutor failed to disclose two witnesses before they appeared at petitioner's trial. I found that there was no reason that these grounds could not have been discovered in 2001, when petitioner filed his first petition for a writ of habeas corpus, and thus his petition was "second or successive."

In his motion for reconsideration, petitioner reiterates that his trial and appellate counsel were ineffective. He restates that his trial counsel failed to discover the lack of an arrest warrant in his case and adds that his trial counsel failed to contact a private investigator about another man who confessed to very similar crimes, to discover if that man was the real perpetrator. Further, he states that his appellate counsel failed to raise the ineffectiveness of his trial counsel. These arguments merely attempt to supplement his petition; they do not address the reason for my dismissal of his case – my determination that it was "second or

successive." Petitioner does state that he is nearly illiterate and could not discover the information in his petition earlier precisely because his counsel was ineffective. However, this does not convince me that I incorrectly determined that the information in his petition was discoverable in 2001. In fact, petitioner would have had actual knowledge of many of the mistakes that he cites by 2001 – such as that his counsel did not challenge his lineup, challenge the prosecutor's submission of witnesses not earlier disclosed, or attempt to show that another man was the perpetrator.

**NOW, THEREFORE, IT IS ORDERED** that petitioner's "Motion for Reconsideration" is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel is **DENIED AS MOOT**.

**IT IS ADDITIONALLY ORDERED** that petitioner's Motion for Leave to File is **DENIED AS MOOT.**

Dated at Milwaukee, Wisconsin, this ___ day of October, 2006.

LYNN ADELMAN
District Judge