# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROY J. JONES,
        Petitioner,

    v.                                Case No. 06C0967

WILLIAM POLLARD,
        Respondent.

## DECISION AND ORDER

On September 13, 2006, Roy Jones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 25, 2006, I summarily dismissed his petition for lack of jurisdiction after I found that it was properly viewed as "second or successive" pursuant to 28 U.S.C. § 2244. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (stating that a district court has no jurisdiction over a second or successive petition). Before me now is petitioner's request for a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In dismissing petitioner's case, I found that petitioner had shown no reason that his claims could not have been discovered in 2001, when petitioner filed his first petition for a writ of habeas corpus. Thus, I concluded that I lacked jurisdiction because his petition was "second or successive." Petitioner's claims were that he was convicted pursuant to a suggestive lineup and that he was denied the right to counsel at that lineup; that he was denied effective assistance of trial and appellate counsel for failing to challenge the lineup and for failing to raise the fact that he was arrested without an arrest warrant; that the prosecutor knowingly presented false testimony at trial relating to the lack of an arrest warrant; that the trial court was without jurisdiction relating to the lack of an arrest warrant; and that the prosecutor failed to disclose two witnesses before they appeared at petitioner's trial. As I stated in my decision denying petitioner's motion for reconsideration, not only could petitioner have discovered the facts underlying these claims in 2001, but he had actual knowledge of most of underlying facts by that time – including his counsel's errors, the prosecutor's disclosures, and the circumstances surrounding petitioner's line up.

I do not believe jurists of reason would differ as to whether petitioner's claim was properly viewed as second or successive and I do not believe these issues should proceed further.

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

-2-
Case 2:06-cv-00967-LA   Filed 11/06/06   Page 2 of 3   Document 14

Dated at Milwaukee, Wisconsin, this 6 day of November, 2006.

      /s_____
      LYNN ADELMAN
      District Judge